**FROM: The District Court of the 4th Judicial District.**
                    **County of Missoula.**

STATE OF MONTANA,
                    Plaintiff,                                      NO. 10940
          VS.                                                      DECISION
Randy Lee Plumley,
          Defendant.

On August 31, 1994, the defendant was sentenced to a term of twenty (20) years in the Montana State Prison for the offense of Aggravated Kidnapping, a Felony. That,

however, ten (10) years of defendant's sentence is hereby suspended on terms and conditions as listed in the August 31, 1994 Judgment. It is the recommendation of the court that prior to becoming eligible for parole that the defendant shall enter and successfully complete the sex offender program and the alcohol treatment program at the Montana State Prison. It is further ordered that the defendant shall register as a sexual offender, pursuant to Section 46-23-504 and 46-23-505, M.C.A., with the Department of Institutions, Chief of Police, and Sheriff of the County wherein he resides for a period of ten (10) years following his release from custody. The defendant shall further notify any law enforcement agency with whom he was last registered of any change in address as further set forth under the law and register with the Department of Institutions, Chief of Police and Sheriff if he should change his address during this ten (10) year period. Defendant shall be designated a dangerous offender for the purposes of parole. Defendant shall receive credit for time served at Missoula County Jail from December 31, 1993, through date of sentencing, August 31, 1994, in the amount of two hundred seventy-four (274) days.

On March 16, 1995, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence remain the same as originally imposed but the requirement that the defendant register as a sex offender following his release from custody be deleted.

The reason for the amendment is the sentence imposed by the District Court is presumed correct pursuant to Section 46-18-904(3), MCA. The Division finds that the reasons advanced for modification are insufficient to find that the sentence imposed is either inadequate or excessive as is required to overcome the presumption that the sentence is correct.

Done in open Court this 16th day of March, 1995.

DATED this 19th day of April, 1995.

**Hon. John Warner, Chairman, Hon. Ted Lympus, Member, Hon. Frank Davis, Member.**

The Sentence Review Board wishes to thank Randy Lee Plumley for representing himself in this matter.